# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | |
|---|---|
| JOYCE BUCKSON,<br><br>    Plaintiff,<br><br>    v.<br><br>NV LNWA JIC HOTEL, LLC d/b/a<br>Jekyll Island Club Resort,<br><br>    Defendant. | CV 2:21-057 |

## ORDER

Before the Court is a motion to dismiss filed by Defendant NV LNWA JIC Hotel, LLC, who does business as Jekyll Island Club Resort. Dkt. No. 9. The motion has been fully briefed and is ripe for review. For the reasons discussed below, Defendant's motion is **GRANTED**.

## BACKGROUND

Plaintiff, proceeding *pro se*, initiated this personal injury action in the State Court of Glynn County, Georgia on April 14, 2021. Dkt. No. 1-1 at 3. Her claim(s) arise out of her slip-and-fall at the Jekyll Island Club Resort on or about October 4, 2018. Id. at 4. In the complaint, Plaintiff alleged a state-law claim for premises liability and, potentially, a federal claim under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq. Dkt. No. 1-1 at 3, 4.

On June 9, 2021, Defendant removed the action to this Court based upon diversity jurisdiction. Dkt. No. 1. On June 24, 2021, Defendant moved to dismiss Plaintiff's complaint in its entirety, arguing (1) the action is an attempted renewal action that fails to comply with the pleading requirements of O.C.G.A. § 9-2-61, Georgia's renewal statute; (2) Plaintiff's claims are barred by laches because she did not diligently perfect service upon Defendant; and (3) alternatively, Plaintiff's ADA claim must be dismissed as barred by the statute of limitations. Dkt. No. 4 at 1. On June 29, 2021, Plaintiff timely filed an amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). Dkt. No. 6. The amended complaint having superseded the original complaint, the Court denied as moot Defendant's motion to dismiss. Dkt. No. 7.

Plaintiff's amended complaint is quite similar to the original complaint; however, there is one noticeable difference. The amended complaint asserts: "This is a valid suit, renewed under O.C.G.A. § 9-2-61, that is based upon substantially the same cause of action. . . . The previous action was not dismissed on its merits, but was dismissed without prejudice." Dkt. No. 6 at 1. Defendant has now renewed its motion to dismiss with regard to Plaintiff's amended complaint, making the same arguments it made in its previous motion to dismiss. Compare dkt. no. 4 with dkt. no. 9.

Attached to Defendant's original motion to dismiss is Plaintiff's original complaint from the *first* action she filed against Defendant in Glynn County State Court.  Dkt. No. 4-1.  The complaint was filed on August 24, 2020 and contains a single premises liability claim arising out of the same October 4, 2018 slip-and-fall.  See id.  Attached to Plaintiff's response brief is her "Voluntary Dismissal Without Prej[udic]e" of the original action, which is dated October 22, 2020.  Dkt. No. 16 at 6.  Thus, the threshold question is whether Plaintiff has properly renewed her action.

## LEGAL AUTHORITY

Federal courts have limited jurisdiction.  Ishler v. Internal Revenue, 237 F. App'x 394, 395 (11th Cir. 2007) (citing Bochese v. Town of Ponce Inlet, 405 F.3d 964, 974 (11th Cir. 2005)).  The plaintiff bears the burden of establishing the court's subject matter jurisdiction.  Id.  Under Federal Rule of Civil Procedure 12(b)(1), there are two types of motions to dismiss for lack of subject matter jurisdiction—facial attacks and factual attacks.  Morrison v. Amway Corp., 323 F.3d 920, 925 n.5 (11th Cir. 2003) (citing Lawrence v. Dubar, 919 F.2d 1525, 1529 (11th Cir. 1990)).  "Facial attacks challenge subject matter jurisdiction based on allegations in the complaint, and the district court takes the allegations as true in deciding whether to grant the motion."  Id.  "Factual attacks challenge subject matter jurisdiction in fact,

irrespective of the pleadings."  Id.  "In resolving a factual attack, the district court may consider extrinsic evidence such as testimony and affidavits."  Id.  In considering a factual attack:

> the trial court may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56.  Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction-its very power to hear the case-there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to existence of its power to hear the case.  In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional claims.

Lawrence, 919 F.2d at 1529 (citing Williamson v. Tucker, 645 F.2d 404, 412-413 (5th Cir. 1981)).

Further, Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  While this pleading standard does not require "detailed factual allegations," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  In order to withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 570).  A complaint is plausible on its face when "the

4

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

It is important to note that while the factual allegations set forth in the complaint are to be considered true at the motion to dismiss stage, the same does not apply to legal conclusions set forth in the complaint. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Iqbal, 556 U.S. at 678). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. The court need not "accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555.

Lastly, "the court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed." Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005) (citing Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002)). "In this context, 'undisputed' means that the authenticity of the document is not challenged." Id.

## DISCUSSION

### I. Georgia's Renewal Statute

Georgia's "renewal statute" provides:

> When any case has been commenced in either a state or federal court within the applicable statute of limitations[,] and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later.

O.C.G.A. § 9-2-61(a). The renewal statute is a remedial statute that must be "liberally construed so as to preserve the right to renew the cause of action set out in a previous suit, wherever the same has been disposed of on any ground other than one affecting the merits." U.S. Cas. Co. v. Am. Oil Co., 121 S.E.2d 328, 329 (Ga. Ct. App. 1961); Jester v. Emerson Climate Techs., Inc., No. 20-13147, 2021 WL 942781, at *3 (11th Cir. Mar. 12, 2021).

Defendant argues that Plaintiff has failed to "*show affirmatively*" that the amended complaint qualifies as a renewal action. Dkt. No. 9 at 3-4

To bring a renewal suit after the expiration of the statute of limitations, a petition must:

> show affirmatively that the former petition was not a void suit, that it is such a valid suit as may be renewed under [O.C.G.A.] § 9-2-61, that it is based upon substantially the same cause of action, and that it is not a renewal of a previous action which was dismissed on its merits so that the dismissal would act as a bar to the rebringing of the petition.

Jester, 2021 WL 942781, at *4 (quoting Whitesell v. Ga. Power Co., 800 S.E.2d 370, 371 (Ga. Ct. App. 2017)).

6

The Court looks to Georgia caselaw to determine the showing required for Plaintiff to meet this burden. In Whitesell, a complaint stated only that "[t]his is a renewal action against [defendant] pursuant to [O.C.G.A.] § 9-2-61" and then provided the previous action's docket number; the court held that was not enough to affirmatively show a right to renewal. 800 S.E.2d at 372. Similarly, in Morrison v. Bowen, a paragraph stating that plaintiff "filed this action originally on September 21, 1954, in this court against the same defendants, said case being No. 18,634, and thereafter on May 29, 1961, a judgment was entered dismissing said case, and now within the time provided by law plaintiff renews her case" was also insufficient. 127 S.E.2d 194, 195 (Ga. Ct. App. 1962).

Here, Plaintiff states in her amended complaint: "This is a valid suit, renewed under O.C.G.A. § 9-2-61, that is based upon substantially the same cause of action. . . . The previous action was not dismissed on its merits, but was dismissed without prejudice." Dkt. No. 6 at 1.

Based on the Georgia case law discussed above, this statement alone likely fails to affirmatively demonstrate a renewal action. However, to support her contention that the original state court action was valid, Plaintiff has attached to her response previous filings from the state court proceeding, as well as other documents. Dkt. No. 16 at 3-46.

"Relying on an attached exhibit is permissible, as 'a plaintiff may make the requisite showing by proof outside the renewed complaint.'" Jester, 2021 WL 942781, at *5 (quoting Belcher v. Folsom, 573 S.E.2d 447, 449 (Ga. Ct. App. 2002)); see also Belcher, 573 S.E.2d at 449 (explaining that proof may be made by offering evidence or requesting that a court take judicial notice). Judicial notice of public records and other adjudicative facts may be taken at any stage of the proceeding. Fed. R. Evid. 201(d). "[T]he Court may take judicial notice of public records, such as pleadings and orders from prior cases." Burgest v. Bd. of Regents, No. 4:19-CV-335, 2021 WL 1187088, at *1 n.1 (S.D. Ga. Mar. 29, 2021); see also Universal Express, Inc. v. U.S. SEC, 177 F. App'x 52, 53 (11th Cir. 2006) (affirming the district court's decision to take judicial notice of a complaint filed in the Southern District of New York); Lee v. Select Portfolio Servicing, Inc., No. CV 2:19-140, 2020 WL 4505535, at *4 (S.D. Ga. Aug. 5, 2020) (noting that prior filings in state superior court are public records of which the district court may take judicial notice).

Here, Plaintiff does not expressly request the Court take judicial notice of any documents.  However, the Court may do so *sua sponte*.  The Court of Appeals has explained:

> "[A] court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." Accordingly, a court may take notice of

> another court's order only for the limited purpose of recognizing the "judicial act" that the order represents or the subject matter of the litigation.

Auto-Owners Ins. Co. v. Morris, 191 F. Supp. 3d 1302, 1304 (N.D. Ala. 2016) (quoting United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (citations omitted)) (taking judicial notice of a state court complaint).

Even if the Court were to consider all attachments to Plaintiff's response and take judicial notice of the provided filings from the original state court action, Plaintiff has still failed to meet her burden of "show[ing] affirmatively that the former petition was not a void suit." Jester, 2021 WL 942781, at *4. Here, the Court can determine the original state court action was timely filed within the two-year statute of limitations from the October 4, 2018 accident on August 24, 2020[1] and voluntarily dismissed without prejudice on October 22, 2020. Dkt. Nos. 4-1 at 2, 16 at 6. What the Court cannot determine *affirmatively*, however, is whether Plaintiff perfected service upon Defendant.

> OCGA § 9-2-61(a) permits the renewal of an action after its dismissal by filing a new complaint within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later. But if the original suit is void, then the second suit is not a renewal suit under OCGA § 9-2-61(a) and cannot rely on the original suit's filing date for statute of limitations purposes. The original suit is void if service was never perfected, since the filing of

---

[1] Defendant provided the Court with a copy of the original petition, dkt. no. 4-1; Plaintiff failed to do so. Without the original petition, Plaintiff certainly would not have met her burden under Jester.

9

>a complaint without perfecting service does not constitute a pending suit.

Towe v. Connors, 644 S.E.2d 176, 177–78 (Ga. Ct. App. 2007) (citation omitted). Plaintiff neither avers nor produces evidence to show that she perfected service upon Defendant. Furthermore, though Plaintiff states she voluntarily dismissed the original state court action due to issues with her attorney, she provides the Court with evidence that case-related issues might have been present. See Dkt. No. 16. Indeed, Plaintiff attaches to her response brief a letter from an attorney who declined to represent her, wherein the attorney states: "We talked about your lawsuit before it was dismissed, I told you I believe that your case was going to be dismissed, and that I saw a number of flaws that I did not think you would be able to overcome." Id. at 9.

Accordingly, due to Plaintiff's failure to "show affirmatively that the former petition was not a void suit," the Court must **DISMISS** this action.

**II. Timeliness of Service**

Even if Plaintiff had met the pleading requirements of Georgia's renewal statute, this action is still due to be dismissed because Plaintiff failed to diligently serve Defendant.

"State law concerning the applicable statute of limitations governs the outcome of this case because federal courts sitting in diversity must apply the controlling substantive law of the state."

10

Johnson v. Am. Meter Co., 412 F. Supp. 2d 1260, 1262-63 (N.D. Ga. Aug. 30, 2004) (citing Cambridge Mut. Fire Ins. Co. v. City of Claxton, Ga., 720 F.2d 1230, 1232 (11th Cir. 1983)). "State statutes of limitations are substantive laws." Johnson, 412 F. Supp. 2d at 1263. "Under Georgia law, actions for personal injuries must be brought within two years after the right of action accrues." Id. Additionally, "under Georgia law, service of process shall be made by the person making service within five days of the receipt of summons and complaint." Id. (citing O.C.G.A. § 9-11-4(c)). "[F]ailure to serve within this five-day window, when service occurs *after expiration of the statute of limitation*, can potentially cause the plaintiff to run afoul of the statute of limitations, because in Georgia, the mere filing of a complaint does not commence suit unless timely service is perfected as required by law." Id. (quotation marks omitted) (emphasis added). "[W]here service of process is made after expiration of the statute of limitations for a complaint filed within the statute, this service will relate back to the filing of the complaint only if (1) plaintiff has perfected service within five days of the filing of the complaint or (2) plaintiff has otherwise diligently attempted to perfect service." Id.

"Thus, as Georgia law does not deem an action to be commenced until service of process has been made and does not allow the service date to relate back to the date of filing of the complaint

11

except under the two conditions noted *supra*, this Georgia law concerning service of process is an 'integral part[] of the state statute of limitations.'" Id. (quotation marks omitted)). "Accordingly, Georgia law concerning the timeliness of service of process, not federal law, shall be applied in determining whether a plaintiff has complied with the relevant statute of limitations" when a court is sitting in diversity. Id.; cf. McDaniel v. Smith, No. CV507-79, 2008 WL 4425305, at *10 n.11 (S.D. Ga. Sept. 30, 2008) (holding that, where jurisdiction is based on existence of federal question rather that diversity of citizenship, Federal Rule of Civil Procedure 4(m)—not state law—governs the timeliness of service).

Here, Plaintiff's fall occurred on October 4, 2018. Dkt. No. 1-1 at 4. Thus, the original statute of limitations on Plaintiff's personal injury claim, which was two years, ran on October 4, 2020. As Plaintiff voluntarily dismissed the state court action on October 22, 2020, the statute of limitations had already expired at the time of dismissal. Dkt. No. 16 at 6. To take advantage of Georgia's renewal statute, and thereby escape a statute of limitations bar, Plaintiff had six months—or until April 22, 2021— to file and serve the renewed complaint. Plaintiff filed the renewed complaint on April 14, 2021, dkt. no. 1-1 at 3, but failed to perfect service until May 10, 2021, twenty-six days after filing. Dkt. No. 1-1 at 2; Dkt. No. 9 at 7. Plaintiff clearly

failed to meet the five-day deadline for service of process after the filing of a renewed complaint.

Thus, because Plaintiff failed to perfect service within five days after filing the complaint and served process after the expiration of the statute of limitations, she must show she acted in a "reasonable and diligent manner" to "effectuate proper service as quickly as possible" to survive Defendant's statute-of-limitations attack. Johnson, 412 F. Supp. 2d at 1263-64 (quoting Sykes v. Springer, 469 S.E.2d 472, 473-75 (Ga. Ct. App. 1996)). Unfortunately for Plaintiff, she failed to make any showing that she acted diligently in perfecting service upon Defendant. Moreover, Plaintiff knew of Defendant's registered agent at the time of filing, as evidenced by her correctly including the registered agent's name and address in her complaint. Dkt. No. 1-1. Plaintiff offers no explanation for the delay in service, and "[i]gnorance of the law is no excuse." Johnson, 412 F. Supp. 2d at 1266 (citing Robinette v. Johnston, 637 F. Supp. 922 (M.D. Ga. 1986) (applying Georgia law and finding that being unaware of concept that service of process is required to toll statute of limitations is not adequate justification for delay)).

The Court concludes Plaintiff failed to timely perfect service upon Defendant in accordance with Georgia's statute of

limitations. Accordingly, Defendant's motion to dismiss Plaintiff's amended complaint must be **GRANTED**.[2]

### III. Further Amendment

Further, because Plaintiff has already had an opportunity to amend her complaint to cure the deficiencies identified by Defendant in its initial motion to dismiss—the same deficiencies Defendant identified in its pending motion—the Court declines to give Plaintiff another opportunity to amend.

### CONCLUSION

Defendant's motion to dismiss, dkt. no. 9, is **GRANTED** due to Plaintiff's failure to comply with the pleading requirements of O.C.G.A. § 9-2-61, Georgia's renewal statute, and Plaintiff's failure to timely perfect service upon Defendant in accordance with Georgia's statute of limitations. This action is **DISMISSED with prejudice**, and the Clerk of Court is **DIRECTED** to close this case.

**SO ORDERED**, this 1st day of December, 2021.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] To the extent Plaintiff attempts to assert an ADA claim, that claim is barred by the statute of limitations and is **DISMISSED with prejudice.**